IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:02-CR-4-1- JRG-RSP |
| | § | |
| MARK T. ELKINS | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On May 14, 2015, the undersigned held a final hearing on the Government's petition (#84) to revoke supervised release. The Government was represented by Assistant United States Attorney Ryan Locker. The Defendant, Mark T. Elkins, was represented by Ken Hawk.

Mark T. Elkins was sentenced on July 18, 2002, before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of Conspiracy to Manufacture Methamphetamine, a Class B. felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 34 and a criminal history category if I, was 151 to 188 months. Mark T. Elkins was subsequently sentenced to 151 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure. On February 25, 2013, Mark T. Elkins completed his period of imprisonment and began service of the supervision term. The case was reassigned to The Honorable James Rodney Gilstrap. On October 28, 2013, the Court modified the conditions of release to include drug testing and treatment. On September 18, 2014, the court modified the conditions of release to include mental health treatment.

On March 26, 2015, this petition to revoke was filed. In its petition, the Government

alleges the Defendant violated the following conditions:

1) <u>Mandatory</u>: The defendant shall not commit another federal, state, or local crime. Specifically, the Government alleges as follows: Mr. Elkins was arrested on August 4, 2014 by Atlanta Police Department for Public Intoxication. He was convicted by the Atlanta Municipal Court on August 19, 2014, and assessed a fine of $236.

2) <u>Standard</u>: The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: Mr. Elkins submitted a urine sample on May 20, 2013, which tested positive for methamphetamine. He admitted to using the substance and signed an admission form.

Mr. Elkins submitted urine samples on February 9, 2015, and March 3, 2015, which tested positive for methamphetamine. The results of both tests were confirmed by the national laboratory. He subsequently admitted to using the substance prior to the drug test on February 9, 2015, and signed an admission form. However, he denied using before the drug test on March 3, 2015. Mr. Elkins did state that he was riding in a car with others who were using methamphetamine.

3) <u>Special</u>: The Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Specifically, the Government alleges that Mr. Elkins failed to report to the U.S. Probation Office to submit a urine

sample as directed on November 24, 2014, and December 1, 2014.

The Court scheduled a revocation hearing for May 14, 2015. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above. Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 90 days followed by 30 months supervised release with first 6 months home detention. During supervised release, Defendant shall participate in a program of substance abuse treatment. This sentence shall run concurrently with 2:01cr17-1. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 90 days followed by 30 months supervised release with first 6 months home detention. During supervised release, Defendant shall participate in a program of substance abuse treatment. This sentence shall run concurrently with 2:01cr17-1.

At the close of the May 14, 2015 revocation hearing, Defendant, defense counsel, and

3

counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 17th day of May, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE